J-A15011-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                             :           PENNSYLVANIA
                                             :

              v.                       :
                                             :

STEVEN GUILFORD               :
                                           :
          Appellant         :    No. 1951 EDA 2020

Appeal from the PCRA Order Entered September 14, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003279-2012

BEFORE: BOWES, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY BOWES, J.:        **FILED SEPTEMBER 10, 2021**

Steven Guilford appeals from the order that denied his petition filed pursuant to the Post-Conviction Relief Act ("PCRA"). Also before us is Daniel A. Alvarez, Esquire's application to withdraw as counsel. After careful review, we affirm.

The trial court recounted the facts as follows:

On January 1, 2012, at approximately 2[:00 a.m.,], Officer [Pablo] Rivera and Officer DeJesus[1] were finishing up with a disturbance at the Blue Moon Hotel located at 5105 Westminster Avenue in Philadelphia, Pennsylvania. As the two police officers were exiting the hotel, facing [s]outhbound from Westminster Avenue, they observed three African American males across a park walking northbound on Ramsey Street. One of the males, who[m] Officer Rivera described as "taller with a black baseball hat and facial hair," was walking with his right hand in the air, discharging a firearm. Officer Rivera stated that the other two

---

[1] Officer DeJesus's first name does not appear in the certified record.

males were smaller, clean shaven, and were not wearing baseball hats.

When the police officers observed the incident, they were standing on the steps of the hotel, which were elevated about [four] feet from the sidewalk. Officer Rivera stated that the park lights were on at the time, as well as street lamps. He explained that he knew the taller male with the facial hair and baseball hat was shooting the gun because "he heard the sounds and could see the muzzle flashes." Immediately after they observed the incident, both officers got into their patrol car and drove around to 400 Ramsey Street. Upon [the officers] exiting the patrol car, the two shorter males instantly put their hands up and went to a fence. Officer Rivera requested that [Appellant] put his hands up, but instead he started walking backwards about five feet with his hands to his back, and then quickly ran to the park. Officer Rivera attempted to chase Appellant to the 4900 block of Reno Street, which was full of abandoned buildings, foliage, debris, fencing and clutter, but was unable to locate Appellant. Instead, he heard noises, "such as stepping on tree branches and leaves."

At that time, in response to Officer Rivera's radio call, other officers arrived at the scene and they contained the area, set up a perimeter and called the K-9 unit. After the K-9 unit arrived, they found Appellant rolled up in an orange construction fence near 4944 Reno Street. Once they pulled the dog off of Appellant, the officers placed him in handcuffs and walked him out of the alley to where Officers Rivera and DeJesus were waiting. They immediately identified Appellant as the male who was firing the handgun. Although police attempted to search the alley for the firearm, "there was so much trash that it was almost impossible to find anything." Southwest Detectives attempted to search the alley again at 8[:00 a.m.], but were unable to recover the firearm.

Detective [James] Horn from Southwest Detectives did, however, recover seven 9-millimeter fired cartridge casings from the scene. The Firearm Identification Unit ("FIU") report indicated that of the seven cartridge casings that were found, six of them were crushed/dented. Detective Horn testified that this was not unusual, as casings were often crushed/dented by cars before they are able to hold the scene. The FIU report also indicated, and defense counsel stipulated that Appellant is ineligible to carry or possess a firearm under 18 Pa.C.S. § 6105(b).

- 2 -

Trial Court Opinion, 1/17/18, at 1-3 (citations omitted).

Appellant was arrested and charged with possession of a firearm prohibited, carrying a firearm in public in Philadelphia, carrying a firearm without a license, possession of an instrument of crime ("PIC"), and recklessly endangering another person (REAP). After waiving his right to a jury trial, Appellant proceeded to a bench trial where he was convicted of all charges except for carrying a firearm without a license. On June 23, 2014, the trial court imposed an aggregate sentence of six to twelve years of incarceration.

Appellant filed a timely post-sentence motion arguing that the "weight of this evidence was insufficient to sustain a verdict of guilty due to the lack of corroborating evidence to bolster Officer Rivera's inherently unreliable identification of [Appellant]." *See* Post-Sentence Motion, 6/27/14, at unnumbered 2. The motion was denied by operation of law. After his appellate rights were reinstated *nunc pro tunc*, Appellant filed a timely notice of appeal.

In his Pa.R.A.P. 1925(b) statement Appellant maintained that the evidence was insufficient to support all of the verdicts, that the verdict was against the weight of the evidence, and that he received an excessive sentence. *See* Concise Statement, 5/22/17, at unnumbered 1-2. However, Appellant only pursued his weight claim on direct appeal. *See* *Commonwealth v. Guilford*, 203 A.3d 290 (Pa.Super. 2018) (unpublished memorandum). Specifically, Appellant argued that the police identification of

him was unreliable and the gun was never recovered. *Id*. On December 4, 2018, we affirmed the trial court's judgment of sentence. *Id*. Appellant did not pursue a petition for allowance of appeal before our Supreme Court.

Appellant filed a timely *pro se* PCRA petition, claiming that exculpatory evidence unavailable at the time of his trial had subsequently become available, and that the new evidence would have changed the outcome of his trial if it had been introduced. The alleged exculpatory evidence was that "no gun was found." *See* PCRA petition, 10/21/19, at 3. Appellant purported that because no gun was recovered, the evidence was insufficient to convict him. *Id*. at 4.

Appointed counsel filed a *Turner*/*Finley*[2] letter, indicating that he had reviewed Appellant's file, the notes of testimony, and appellate pleadings. *See Turner*/*Finley* Letter, 1/29/20, at 1. Based upon this review, counsel stated that Appellant wished to raise two claims: 1) that the evidence was insufficient to convict him of all charges since no firearm was recovered, and 2) that the guilty verdicts were against the weight of the evidence since the evidence established that Appellant never possessed a firearm. *See Turner*/*Finley* Letter, 1/29/20, at 4. While Appellant claimed that he had discovered new evidence in his *pro se* petition, the substance of his argument attacked the sufficiency and weight of the evidence and counsel had been

---

[2] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

unable to identify any new exculpatory evidence. *Id*. at 4-5. PCRA counsel gave explanations of why each issue was meritless. *Id*. at 4-6. Accordingly, counsel served his letter on Appellant and sought leave to withdraw from the case. *Id*. at Appendix A; *see also* Motion to Withdraw as Counsel, 1/29/20.

The PCRA court issued Pa.R.Crim.P. 907 notice of its intention to dismiss the petition, indicating that it agreed with PCRA counsel's assessment that the issues raised in Appellant's PCRA petition lacked merit. *See* Rule 907 Notice, 1/31/20. Appellant did not file a response and the PCRA court denied the petition.[3] While the Court wrote that Appellant had the right to retain private counsel or proceed *pro se* on appeal, the court never entered an order permitting counsel to withdraw. *See* Order, 3/13/20; *see also* Order, 9/14/20. Accordingly, counsel continued to represent Appellant and timely filed a requested notice of appeal. The PCRA court and Appellant both complied with the mandates of Pa.R.A.P. 1925(b).

In this court, in lieu of an advocate's brief, counsel filed a petition to withdraw and a no-merit letter pursuant to *Turner* and *Finley*. Before we consider the merits of the issues raised on appeal, we must first determine whether counsel followed the required procedure, which we have summarized as follows.

---

[3] For unknown reasons two orders denying the PCRA petition and advising Appellant of his appellate rights appear in the record. *See* Order, 3/13/20; *see also* Order, 9/14/20.

*Turner*/*Finley* counsel must review the case zealously. *Turner*/*Finley* counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

If counsel fails to satisfy the foregoing technical prerequisites of *Turner*/*Finley*, the court will not reach the merits of the underlying claims but, rather, will merely deny counsel's request to withdraw. Upon doing so, the court will then take appropriate steps, such as directing counsel to file a proper *Turner*/*Finley* request or an advocate's brief.

However, where counsel submits a petition and no-merit letter that do satisfy the technical demands of *Turner*/*Finley*, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief. By contrast, if the claims appear to have merit, the court will deny counsel's request and grant relief, or at least instruct counsel to file an advocate's brief.

*Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa.Super. 2007) (cleaned up).

We are satisfied from the review of counsel's application and no-merit letter that counsel has substantially complied with the technical requirements of *Turner* and *Finley*. Counsel has detailed his review of the case and the issues Appellant wishes to raise, and explained why those issues lack merit with citation to authority where appropriate. Counsel has also sent a copy to Appellant and advised him of his immediate right to proceed *pro se* or with

hired counsel.[4] Accordingly, we proceed to consider the substance of the appeal.

We begin with a review of the applicable law. "This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." *Commonwealth v. Rizvi*, 166 A.3d 344, 357 (Pa.Super. 2017). Further, "[i]t is an appellant's burden to persuade us that the PCRA court erred and that relief is due." *Commonwealth v. Stansbury*, 219 A.3d 157, 161 (Pa.Super. 2019).

In his *Turner*/*Finley* letter, counsel addresses the following two issues, which Appellant wished to raise:

1.  The evidence was insufficient to convict Appellant of all the charges as no firearm was ever recovered to prove he possessed and fired a firearm.

2.  The guilty verdicts were against the weight of the evidence as the evidence established that Appellant never possessed any firearm and therefore never fired any firearm.

*Turner*/*Finley* Letter at 5. The PCRA court concluded that Appellant had failed to raise a cognizable claim under the PCRA, since the first claim was waived and the second one was previously litigated. *See* PCRA Court Opinion, 12/4/20, at 4-9. Alternatively, the court concluded that both claims lacked

---

[4] Appellant did not file a response to counsel's petition.

merit. *Id*. The record supports the PCRA court's findings for the reasons that follow.

In order to be eligible for relief, a petitioner must establish by a preponderance of the evidence that his conviction or sentence resulted from one or more of the enumerated defects found in 42 Pa.C.S. § 9543(a)(2)[5],

---

[5] That statute provides as follows:

**§ 9543. Eligibility for relief**

**(a) General rule**. – To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:

. . . .

(2) That the conviction or sentence resulted from one or more of the following:

(i) a violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.

*(Footnote Continued Next Page)*

and that the allegation has not been previously litigated or waived. *See* 42 Pa.C.S. § 9543(a)(3). A claim is previously litigated under the PCRA if the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue. *See* 42 Pa.C.S. § 9544(a)(2). An allegation is deemed waived "if the petitioner could have raised it but failed to do so before trial, at trial, on appeal or in a prior state post-conviction proceeding." 42 Pa.C.S. § 9544(b).

Herein, Appellant's challenge to the weight of the evidence was raised on direct appeal and rejected by this Court. To be precise, Appellant challenged the weight of the evidence on the grounds that Officer Rivera's identification of him was unreliable, and that since no gun was recovered, there was no evidence linking Appellant to any firearm. *See Guilford*, *supra*.

---

(iv) The improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserve din the trial court.

(v) Deleted.

(vi) The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.

(vii) The imposition of a sentence greater than the lawful maximum.

(viii) A proceeding in a tribunal without jurisdiction.

42 Pa.C.S. § 9543(a)(2).

We considered and denied this claim on the merits. *Id*. The same claim, raised again in the instant appeal, is not reviewable since Appellant cannot obtain post-conviction review of claims previously litigated on appeal. *See* 42 Pa.C.S. § 9544(a)(2).

We next turn to Appellant's claim that the evidence was insufficient to convict him since no firearm was ever recovered. This issue was also available to Appellant on direct appeal. In fact, Appellant raised it in his concise statement, but did not pursue the issue in this Court. Accordingly, this claim is waived. *See Commonwealth v. Brown*, 872 A.2d 1139, 1146-48 (Pa. 2005) (stating that claims available on direct appeal are waived for purposes of PCRA review and this waiver cannot be overcome, absent a full, layered ineffectiveness of counsel analysis); *see also* 42 Pa.C.S. § 9544(b).

Finally, even if Appellant had raised these issues in the context of a claim of ineffective assistance of direct appeal counsel, he would not be entitled to relief. Instead, we would agree with the PCRA court's well-reasoned analysis that the weight and sufficiency claims were meritless. *See* PCRA Opinion, 12/4/20, at 7-8 (setting forth the relevant precedent regarding weight of the evidence issues and explaining why Appellant's conviction did not shock the court's conscience); *id*. at 8-9 (reiterating the case law governing sufficiency appeals and citing to relevant case law to support its finding that the evidence was sufficient to uphold the convictions); *see also*

***Commonwealth v. Spotz***, 896 A.2d 1191, 1214 (Pa. 2006) ("[C]ounsel will not be deemed ineffective for failing to raise a meritless claim[.]").

The PCRA court, sitting as the trial court, credited Officer Rivera's testimony that he observed Appellant raise a firearm over his head and discharge it, as was its prerogative. ***Id***. at 8; ***see also Commonwealth v. Flor***, 998 A.2d 606, 626 (Pa. 2010) (reaffirming the jury is entitled "to believe all, part, or none of the evidence, and credibility determinations rest solely within the purview of the fact-finder"). Further, the fact that the firearm was not recovered is of no moment. ***See Commonwealth v. Robinson***, 817 A.2d 1153, 1162 (Pa.Super. 2003) (finding the evidence sufficient to sustain a conviction for a violation of the Uniform Firearms Act where no firearm was recovered. The fact, that the victim observed Appellant holding a firearm was "all that [was] necessary"). Accordingly, as we agree with counsel that the claims Appellant wishes to raise are either raised or previously litigated, we permit counsel to withdraw and deny relief.

Petition of Daniel A. Alvarez, Esquire, for leave to withdraw is granted. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/10/2021

- 11 -